```
 1  ALAN ADELMAN, ESQ.   BAR NO:  170860
    LAW OFFICES OF ALAN ADELMAN
 2  240 Stockton Street, 4th Floor
    Union Square
 3  San Francisco, California  94108
    Telephone:  (415) 956-1376
 4  Facsimile:  (415) 358-4060

 5  Attorney for Plaintiff
    SIGRID MALICDEM
 6

 7
```

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

| 11 | SIGRID MALICDEM, | ) | CASE NUMBER: |
|---|---|---|---|
| 12 | Plaintiff, | ) | **COMPLAINT** |
|  |  | ) | **DEMAND FOR JURY TRIAL** |
| 13 | vs. | ) | |
| 14 |  | ) | |
| 15 | FREMONT GROUP, L.L.C., | ) | |
| 16 |  | ) | |
| 17 | Defendant. | ) | |

18       Plaintiff SIGRID MALICDEM ("Plaintiff") alleges as follows:

19              **JURISDICTION AND INTRA-DISTRICT ASSIGNMENT**

20       1.    The jurisdiction of this Court is invoked under the provisions of 28 U.S.C. § 1331 and 28

21  U.S.C. § 1343, as an action arising under the laws of the United States; under the provisions of the Americans

22  with Disabilities Act, 42 U.S.C. §12101 et seq., as amended by the ADA Amendments Act of 2008

23  ("ADAAA").  Jurisdiction of this court is further invoked under the provisions of the Family and Medical

24  Leave Act, 29 U.S.C. §2601 et seq..  This court has jurisdiction over Plaintiff's supplemental state law claims

25  under 28 U.S.C. §1367(a).

26       2.    Pursuant to Civil L.R. 3-2(d), this case should be assigned to the San Francisco or Oakland

**COMPLAINT; DEMAND FOR JURY TRIAL**

Division, as this case arises in San Francisco County, California.

## PARTIES

3. Plaintiff is a natural person residing in Contra Costa County, California. At all relevant times, Plaintiff was employed by Defendant FREMONT GROUP, L.L.C. ("Defendant") in San Francisco County, California.

4. Plaintiff is informed and believes, and on that basis alleges, that at all times stated herein, Defendant is and was incorporated in Delaware with its principal place of business in San Francisco, California.

## ADMINISTRATIVE EXHAUSTION

5. On March 23, 2015, Plaintiff caused to be delivered via U.S. mail for filing with the United States Equal Employment Opportunity Commission ("EEOC") a Charge alleging that Defendant discriminated against Plaintiff on the basis of disability, failed to provide Plaintiff reasonable accommodation and retaliated against Plaintiff and terminated Plaintiff's employment because of Plaintiff's physical disability and need for medical leave and other accommodation. Plaintiff's Charge was dual-filed through the EEOC with the California Department of Fair Employment and Housing ("DFEH").

6. On or about April 15, 2015, the EEOC issued DFEH and EEOC Notices of Right-to-Sue in association with Plaintiff's aforementioned dual-filed DFEH and EEOC Charge.

7. All administrative exhaustion requirements have been timely fulfilled as to Defendant and as to each cause of action.

## GENERAL ALLEGATIONS

8. On March 10, 2009, Plaintiff began working for Defendant in the position of Junior Network Administrator stationed at Defendant's San Francisco, California offices.

9. Over the course of Plaintiff's employment with Defendant, Plaintiff earned strong ratings within each of Plaintiff's performance evaluations.

10. Within each of Plaintiff's performance reviews, Plaintiff was rated as meeting or exceeding Defendant's expectations.

11. Based on Plaintiff's performance, Plaintiff earned a promotion to the position of Network Administrator I.

12. Throughout Plaintiff's employment, Plaintiff earned multiple merit-based bonuses and wage increases.

13. On June 4, 2014, Plaintiff suffered a significant injury to Plaintiff's back while lifting a facsimile machine at work.

14. Due to the severity of Plaintiff's back injury, Plaintiff was immediately forced to take a medical leave of approximately one week.

15. Throughout the time period of June 4, 2014 through the present, Plaintiff's back condition has caused Plaintiff to be substantially limited in many physical movements, including but not limited to Plaintiff's ability to bend, lift, twist, and sit or stand for prolonged periods.

16. Throughout the time period of June 4, 2014 through the present, in light of the aforementioned physical limitations, Plaintiff has been substantially limited in Plaintiff's ability to engage in several major life activities that require these movements, including but not limited to working.

17. Throughout the time period of June 4, 2014 to the present, Plaintiff have sought regular treatment for Plaintiff's back disability.

18. In light of Plaintiff's back disability, and the associated restrictions Plaintiff has suffered, Plaintiff requested the following accommodations from Defendant: intermittent, partial day medical leaves to enable Plaintiff to seek the treatment for her back disability; full medical leaves on those days during which Plaintiff was physically limited to the point where Plaintiff was unable to work; and restrictions on Plaintiff's lifting, bending and twisting, and sitting or standing for prolonged periods of time.

19. On or about October 4, 2014, Plaintiff's immediate Manager, Jorge Calderon, issued Plaintiff a performance evaluation in which Plaintiff earned a 5, the highest overall rating.

20. At that time, Mr. Calderon advised Plaintiff that he was issuing Plaintiff the highest rating because Plaintiff had done a great job throughout the year.

21. However, while acknowledging that Plaintiff's performance throughout the previous year was

at the highest level, Mr. Calderon admonished Plaintiff for having injured Plaintiff's back and for needing accommodations. Specifically, Mr. Calderon accused Plaintiff of negatively effecting Defendant's IT operations because of Plaintiff's back disability and the accommodations that Plaintiff continued to need as a result.

22. From that point through the remainder of Plaintiff's employment, Mr. Calderon regularly communicated criticisms to Plaintiff regarding Plaintiff's ongoing need for accommodation and for Plaintiff missing work to attend medical appointments.

23. On those regular occasions when Plaintiff had to miss work for portions of a workday to attend doctors appointments, Mr. Calderon would consistently visit Plaintiff's work station prior to Plaintiff's departure for the appointment and he would question Plaintiff in a derogatory fashion as to why Plaintiff needed to see Plaintiff's doctor again.

24. Mr. Calderon's pattern of deriding Plaintiff for needing to see Plaintiff's doctor was consistent with how Plaintiff had observed him to treat other employees who had doctors appointments to attend or who needed time off from work for medical reasons.

25. At one point, Mr. Calderon went so far as to request that Plaintiff see a different physician in San Francisco, as opposed to Plaintiff's treating physician in Antioch, so that Plaintiff could attend Plaintiff's doctors appointments during Plaintiff's lunch break.

26. On Tuesday, March 2, 2015 at approximately 3:30 p.m., Plaintiff's back disability was causing Plaintiff too much pain to continue working and Plaintiff notified Mr. Calderon that Plaintiff needed to leave work and arrange to see Plaintiff's doctor. Mr. Calderon responded by asking Plaintiff if Plaintiff had taken Plaintiff's pain medications. Mr. Calderon specifically warned Plaintiff in an angry voice, "You know you cannot keep doing this kind of thing."

27. On March 2, 2015, Plaintiff's Chiropractor he certified Plaintiff's need for a medical leave due to Plaintiff's back disability beginning on March 2, 2015 and with a return to work date of March 9, 2015.

28. While Plaintiff was on the medical leave due to Plaintiff's back disability, Mr. Calderon contacted Plaintiff via email to request that Plaintiff provide information pertaining to work. Specifically,

Mr. Calderon requested that Plaintiff provide him information regarding an outdated password that Mr. Calderon had already previously reset.

29. No compelling business reason existed entitling Mr. Calderon to interfere with Plaintiff's medical leave and to instruct Plaintiff to engage in any work-related business. Plaintiff merely advised Mr. Calderon at that time that Plaintiff did not have the information that he was seeking, but that if he wished Plaintiff would be willing to log on to Defendant's network to recover the password information that he was seeking.

30. On March 9, 2015, Defendant terminated Plaintiff's employment for the stated reasons that Plaintiff had failed to provide Plaintiff's password and that Defendant had "found something in the servers." These were false reasons for Plaintiff's termination.

31. No legitimate business reason existed for Defendant to terminate Plaintiff's employment.

32. Plaintiff did not engage in any conduct which justified Plaintiff having been disciplined or terminated.

33. Prior to terminating Plaintiff's employment, Defendant never notified Plaintiff that Plaintiff had engaged in any conduct which could result in discipline or termination.

34. Defendant would not have suffered undue hardship to have continued to accommodate Plaintiff's work restrictions in lieu of terminating Plaintiff's employment.

35. Defendant refused to continue providing reasonable accommodation for Plaintiff's back disability and, instead, terminated Plaintiff's employment.

36. The actual reason why Defendant terminated Plaintiff's employment was because of Plaintiff's back disability and Plaintiff's need for ongoing accommodations.

37. Defendant terminated Plaintiff in retaliation against Plaintiff for requesting intermittent medical leaves to seek treatment for and to recover from Plaintiff's serious health conditions.

38. Defendant interfered with and refused to provide Plaintiff with the ongoing intermittent medical leave to which Plaintiff was entitled.

**FIRST CAUSE OF ACTION**
**(VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT OF 1993)**

39. Plaintiff incorporates and realleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

40. Defendant was at all relevant times a covered "employer" within the meaning of that term as defined under the FMLA, 29 U.S.C. section 2611(4)(A). Specifically, during all relevant times while Defendant employed Plaintiff, Defendant employed at least 50 employees within 75 miles of Plaintiff's work location.

41. Plaintiff was at all relevant times Defendant's "employee" within the meaning of that term as defined under the FMLA, 29 U.S.C. section 2611(2)(A). Specifically, Plaintiff was employed by Defendant greater than 12 months and 1,250 hours as of the final year of Plaintiff's employment.

42. Defendant interfered with, discriminated against and terminated Plaintiff in retaliation for Plaintiff's need for and taking of protected medical leave to seek treatment for, and to recover from, Plaintiff's serious health condition, in violation of the FMLA.

43. As a result of Defendant's discriminatory and retaliatory conduct, Plaintiff has suffered lost past and future wages and benefits, and other compensatory damages in an amount according to proof at trial.

44. Defendant committed the acts alleged herein willfully. Plaintiff is entitled to recover liquidated damages from Defendant in an amount according to proof at trial.

45. As a result of Defendant's interference, discrimination and retaliation as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and litigation costs, pursuant to 29 U.S.C. § 2617(a)(3).

WHEREFORE Plaintiff prays for judgment as set forth below.

**SECOND CAUSE OF ACTION**
**(VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT OF 1991)**

46. Plaintiff incorporates and realleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

47. Plaintiff has fulfilled all administrative prerequisites to the filing of this cause of action.

49. Defendant was at all relevant times Plaintiff's "employer" within the meaning of California

1 Government Code section 12945.2(B)(2) and, as such, barred from discriminating in employment decisions on the basis of the CFRA, California Government Code §12945.2. Specifically, during all relevant times Defendant employed Plaintiff, Defendant employed over 50 employees within 75 miles of the work location where Plaintiff was employed.

50. Plaintiff was at all material times an "employee" covered by California Government Code section 12945.2. Specifically, Plaintiff was employed by Defendant for over twelve months and worked for Defendant over 1,250 hours during the final year of Plaintiff's employment.

51. Defendant interfered with, discriminated against, retaliated against and ultimately terminated Plaintiff because of Plaintiff's need for and taking of medical leave to seek treatment for, and to recover from, Plaintiff's serious health condition, in violation of California Government Code §12945.2.

52. As a result of Defendant's discriminatory and retaliatory conduct, Plaintiff has suffered lost past and future wages and benefits, and other compensatory damages in an amount according to proof at trial.

53. As a proximate result of Defendant's interference, discrimination and retaliation, Plaintiff has suffered and continues to suffer embarrassment, anxiety, humiliation and emotional distress all to Plaintiff's damage in an amount according to proof at trial.

54. Plaintiff is informed and believes that Defendant committed the discriminatory acts alleged herein maliciously, fraudulently, and oppressively, in bad faith, with the wrongful intention of injuring Plaintiff, from an improper motive amounting to malice, and in conscious disregard of Plaintiff's rights. Thus, Plaintiff is entitled to recover punitive damages against Defendant in an amount according to proof at trial.

55. As a result of Defendant's conduct as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and litigation costs, pursuant to California Government Code § 12965(b).

WHEREFORE Plaintiff prays for judgment as set forth below.

### THIRD CAUSE OF ACTION
### (DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AS AMENDED BY THE ADA AMENDMENTS ACT 0F 2008)

56. Plaintiff incorporates and realleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

57. Plaintiff has fulfilled all administrative prerequisites to the filing of this cause of action.

58. Defendant is a "covered entity" pursuant to 42 USC §12111(2); 29 CFR §1630.2(b).

59. Plaintiff was an "individual with a disability" pursuant to 42 U.S.C. §12102(1); 29 CFR §1630.2. More specifically, Plaintiff suffered from a physical disability that substantially limited one or more of Plaintiff's major life activities, Plaintiff had a record of having such a disability, and Plaintiff was regarded by Defendant as having such a disability.

60. At all relevant times, Plaintiff was a "qualified individual with a disability" pursuant to 42 U.S.C. §12112(a); 29 CFR §1630.2(m). More specifically, Plaintiff was an individual with a disability who, either with or without reasonable accommodation, could perform the essential functions of Plaintiff's former position with Defendant and/or another vacant position.

61. Defendant's refusal to offer to Plaintiff reasonable accommodation which would allow Plaintiff to perform the essential functions of Plaintiff's position, or another vacant position, as alleged more particularly above, constitutes unlawful discrimination pursuant to 42 U.S.C. §12112(b)(5)(A); 29 CFR §1630.9.

62. Defendant's conduct in terminating Plaintiff's employment because of Plaintiff's disability, as alleged more particularly above, constitutes unlawful discrimination pursuant to 42 U.S.C. §12112; 29 CFR §1630.4(b).

63. As a direct and proximate result of Defendant's discrimination against Plaintiff because of Plaintiff's disability, Plaintiff has suffered lost wages and benefits, and lost employment and advancement opportunities, both past and future.

64. As a further direct and proximate result of Defendant's discrimination against Plaintiff because

of Plaintiff's disability, Plaintiff has suffered and will continue to suffer substantial damages for emotional distress, humiliation, pain and suffering and loss of enjoyment of life.

65. Plaintiff is informed and believes that Defendant committed the discriminatory acts alleged herein maliciously, fraudulently, and oppressively, in bad faith, with the wrongful intention of injuring Plaintiff, from an improper motive amounting to malice, and in conscious disregard of Plaintiff's rights. Thus, Plaintiff is entitled to recover punitive damages against Defendant in an amount according to proof at trial.

66. As a result of Defendant's discriminatory conduct, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees, litigation costs, and expert witness fees pursuant to 42 U.S.C.§ 12117(a), which incorporates the remedies set forth in Title VII of the Civil Rights Act of 1964, 42 U.S.C.§ 2000e-5(k).

WHEREFORE Plaintiff prays for judgment as set forth below

**FOURTH CAUSE OF ACTION**
**(DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT)**

67. Plaintiff incorporates and realleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

68. Plaintiff has fulfilled all administrative prerequisites to the filing of this cause of action.

69. Defendant was at all material times Plaintiff's Defendant within the meaning of California Government Code section 12926(d) and, as such, was barred from discriminating against Plaintiff in employment decisions and practices on the basis of Plaintiff's disability pursuant to California Government Code §12940(a).

70. Plaintiff has been at all material times a qualified individual with a disability pursuant to California Government Code §12926, as Plaintiff was an individual with disabilities who could perform the essential functions of Plaintiff's position, or another vacant position, with or without reasonable accommodation.

71. Defendant discriminated against Plaintiff because of Plaintiff's disability by refusing to provide Plaintiff reasonable accommodation for Plaintiff's known disability and by terminating Plaintiff's employment

because of Plaintiff's disability, Defendant's perception of Plaintiff as being a person with a disability, and because of Plaintiff's request for accommodation, all in violation of §12940(a).

72. As a direct and proximate result of Defendant's discrimination against Plaintiff because of Plaintiff's disability, Plaintiff has suffered wage losses and benefits, and lost employment and advancement opportunities, both past and future.

73. As a further direct and proximate result of Defendant's discrimination against Plaintiff because of Plaintiff's disability, Plaintiff has suffered and will continue to suffer substantial damages for pecuniary losses, emotional distress, loss of enjoyment of life, and other nonpecuniary losses.

74. Plaintiff is informed and believes that Defendant committed the discriminatory acts alleged herein maliciously, fraudulently, and oppressively, in bad faith, with the wrongful intention of injuring Plaintiff, from an improper motive amounting to malice, and in conscious disregard of Plaintiff's rights. Thus, Plaintiff is entitled to recover punitive damages against Defendant in an amount according to proof at trial.

75. As a result of Defendant's discriminatory acts as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and litigation costs, as provided by California Government Code section 12965(b).

WHEREFORE, Plaintiff prays for judgment as set forth below.

**FIFTH CAUSE OF ACTION**
**(FAILURE TO PROVIDE REASONABLE**
**ACCOMMODATION ON THE BASIS OF DISABILITY IN VIOLATION OF**
**THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT)**

76. Plaintiff incorporates and realleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

77. Plaintiff has fulfilled all administrative prerequisites to the filing of this cause of action.

78. Defendant failed and refused to provide Plaintiff reasonable accommodation for Plaintiff's disability in violation of California Government Code §12940(j)(1).

79. As a direct and proximate result of Defendant's failure and refusal to provide reasonable accommodation for Plaintiff's known disability, Plaintiff has suffered lost wages and benefits, and lost

employment and advancement opportunities, both past and future.

80. As a further direct and proximate result of Defendant's failure and refusal to provide reasonable accommodation for Plaintiff's known disability, Plaintiff has suffered and will continue to suffer substantial damages for pecuniary losses, emotional distress, loss of enjoyment of life, and other nonpecuniary losses.

81. Plaintiff is informed and believes that Defendant committed the discriminatory acts alleged herein maliciously, fraudulently, and oppressively, in bad faith, with the wrongful intention of injuring Plaintiff, from an improper motive amounting to malice, and in conscious disregard of Plaintiff's rights. Thus, Plaintiff is entitled to recover punitive damages against Defendant in an amount according to proof at trial.

82. As a result of Defendant's failure and refusal to provide reasonable accommodation for Plaintiff's known disability, Plaintiff is entitled to reasonable attorneys' fees and litigation costs, as provided by California Government Code section 12965(b).

WHEREFORE, Plaintiff prays for judgment as set forth below.

### SIXTH CAUSE OF ACTION
### (WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY)

83. Plaintiff incorporates and realleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

84. The wrongful termination of Plaintiff's employment was in violation of the public policies of the State of California and the United States of America in that Plaintiff was discriminated against, retaliated against and, ultimately, terminated due to Plaintiff's disability and need for medical leave and other accommodation, in violation of the ADAAA, the FEHA, the CFRA and the FMLA.

85. As a result of the wrongful termination of Plaintiff's employment in violation of the ADAA, the FEHA, the CFRA and the FMLA, Plaintiff has suffered lost past and future wages and benefits, and other compensatory damages in an amount according to proof at trial.

86. As a proximate result of Defendant's retaliatory and discriminatory conduct, Plaintiff has

suffered and continues to suffer embarrassment, anxiety, humiliation, emotional distress and pain and suffering all to Plaintiff's damage in an amount according to proof at trial.

87. Plaintiff is informed and believes that Defendant committed the discriminatory acts alleged herein maliciously, fraudulently, and oppressively, in bad faith, with the wrongful intention of injuring Plaintiff, from an improper motive amounting to malice, and in conscious disregard of Plaintiff's rights. Thus, Plaintiff is entitled to recover punitive damages against Defendant in an amount according to proof at trial.

WHEREFORE Plaintiff prays for judgment as set forth below.

WHEREFORE, Plaintiff requests judgment in Plaintiff's favor and against Defendant for all causes of action as follows:

1. For past and future economic damages including, but not limited to, lost past and future wages and benefits and earning capacity, and for interest thereon;

2. For past and future non-economic damages including, but not limited to, past and future mental and emotional distress, pain and suffering and other general damages suffered by Plaintiff, according to proof at trial;

3. For punitive damages;

4. For liquidated damages under the provisions of the FMLA;

5. For reasonable attorney's fees incurred by Plaintiff herein;

6. For costs of suit incurred herein; and

7. For such other and further relief as this Court considers just and proper.

DATED:   April 20, 2015                    LAW OFFICES OF ALAN ADELMAN

                                           By:   /s/ Alan Adelman
                                                 ALAN ADELMAN
                                                 Attorney for Plaintiff
                                                 SIGRID MALICDEM

**COMPLAINT; DEMAND FOR JURY TRIAL**                12

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all questions of fact raised by this complaint.

Dated:   April 20, 2015                    LAW OFFICES OF ALAN ADELMAN

                                       By:   /s/ Alan Adelman
                                             ALAN ADELMAN
                                             Attorney for Plaintiff
                                             SIGRID MALICDEM